OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MENZER

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MENZER
2018 OK 46
Case Number: SCBD-6626
Decided: 06/04/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 46, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JAMES LLOYD MENZER, Respondent.
ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS
Â¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of James Lloyd Menzer (Respondent) from membership in the Oklahoma Bar Association. Respondent seeks to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A. Upon consideration of the Complainant's application and Respondent's affidavit in support of resignation, we find:
1. Respondent executed his resignation on February 9, 2018.
2. Respondent acted freely and voluntarily in tendering his resignation; he was not subject to coercion or duress, and was fully aware of the consequences of submitting his resignation.
3. Respondent acknowledged that the Office of the General Counsel of the Oklahoma Bar Association had received and was investigating the following grievances: DC 16-92 by Florence Kellam; DC 16-140 by Sherry Blazi; DC 16-193 by Jason Sullivan; DC 16-198 by Dawn Jackson; DC 16-249 by Truman Stiner; DC 17-26 by Arthur Oxford; DC 17-215 by Kimberly Haworth; and DC 17-222 by Teddy Tannehill. The gravamen of each of these grievances is that Respondent failed to fulfill arrangements he had made to perform legal services for the named aggrieved party. Respondent has waived the right to contest the allegations set forth in these grievances and in doing so relieves the Complainant from proving his failure to perform the agreed legal services .
4. Respondent is aware that the allegations concerning the conduct specified in paragraph three above, if proven, would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16(d), 5.3, and 8.4(a), (b) and (d) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011, Ch. 1, App. 3-A . Said conduct would also violate Rule 1.3, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, and his oath as an attorney.
5. Respondent further acknowledges that as a result of his conduct the Client Security Fund may receive claims from his former clients. He agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amount and the applicable statutory interest prior to filing any application for reinstatement.
6. Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this Court's approval of his resignation; he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A.
7. Respondent has agreed to comply with Rule 9.1 of the Rules Governing Disciplinary Proceeding, 5 O.S. 2011, Ch. 1, App. 1-A.
8. Respondent's resignation pending disciplinary proceedings is in compliance with Rule 8.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A.
9. Respondent's name and address appears on the official roster maintained by the Oklahoma Bar Association as follows: James Lloyd Menzer, OBA #12406, 211 W. Blackwell Avenue, P.O. Box 818, Blackwell, Oklahoma 74631-0818.
10. Costs have been incurred by Complainant in this matter in the amount of $ 2687.71 and Respondent has agreed to reimburse said costs. Respondent shall reimburse said costs within 180 days of the approval of his resignation.
11. Respondent's resignation should be approved.
12. This Order accepting respondent's resignation is to be effective as of February 9, 2018, the date the application for approval of his resignation was filed in the Court.
Â¶2 It is therefore ORDERED that Complainant's application is approved and Respondent's resignation is accepted and approved effective February 9, 2018.
Â¶3 It is further ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from February 9, 2018.
Â¶4 It is further ORDERED that Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A and shall reimburse the Complainant $2,687.71, the costs of investigating of the grievances set forth herein.
Â¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4th DAY OF JUNE, 2018.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR